IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY SPODEN, #Y15676, *also known as* NINA SPODEN, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 18-cv-1403-SMY ) ) |
| AMANDA SMITH, JOHN DOE 1, JOHN DOE 2, and JOHN DOE 3, | ) ) ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Anthony Spoden,[1] a former inmate, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged violations of her constitutional rights while she was incarcerated at Shawnee Correctional Center ("Shawnee"). (Doc. 2). She seeks monetary damages against the defendants. (Doc. 1, p. 40).

This matter is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

---

[1] Plaintiff's legal name is Anthony Spoden. However, Plaintiff is a transgender inmate who prefers to be called Nina Spoden. (Doc. 2, p. 2). Although the Court must use Plaintiff's legal name, feminine pronouns will be used in reference to Plaintiff.

1

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **Complaint**

Plaintiff originally brought her claims as part of another lawsuit (No. 18-cv-949-NJR). On July 17, 2018, the Court severed certain improperly joined claims into this action. (Doc. 1). Plaintiff makes the following allegations relevant to the claims asserted in the instant action: Plaintiff is a transgender inmate who is anatomically male, but identifies as female. (Doc. 2, p. 35). She has been diagnosed with gender dysphoria, generalized anxiety disorder, and borderline personality disorder. (Doc. 2, pp. 35-36). These conditions cause her to suffer from severe anxiety, crying spells, and depression. (Doc. 2, p. 36). Treatment for gender dysphoria includes hormone therapy, sex reassignment surgery, and experience living as a member of the opposite sex. (Doc. 2, p. 37). Shawnee failed to institute policies or practices to ensure the safety and care of transgender inmates (Doc. 2), and Plaintiff has been denied

adequate treatment for her gender dysphoria.² (Doc. 2, p. 37). Plaintiff has been physically assaulted twice and has been regularly subjected to sexual harassment. (Doc. 2, p. 36).

Plaintiff claims she was brutally assaulted by a known sexual predator named Inmate Burton on December 12, 2017 (Doc. 2, p. 10) and that the entire incident could have been avoided if prison officials took steps to separate her from Burton in the days leading up to the attack. (Doc. 2, p. 11). Plaintiff's caseworker, Amanda Smith, was in charge of Plaintiff's "Coping Skills" group and is also a mandatory reporter. *Id.* On November 28, 2017, Plaintiff informed Smith that Burton reached into the shower and attempted to grab her. *Id.* Smith did not report the incident. *Id.* On December 12, 2017, Plaintiff told Smith there was "ongoing hostility" between the two inmates and that she was concerned that the situation would escalate. (Doc. 2, p. 12). Smith again took no action. *Id.* That evening, Plaintiff confronted Burton about his "sexual misconduct." (Doc. 2, p. 12). In response, Burton brutally attacked Plaintiff, breaking her jaw and ocular bone. *Id.*

Plaintiff also alleges that three unidentified defendants (John Doe 1, John Doe 2, and John Doe 3) also failed to intervene and protect her from the assault. (Doc. 2, p. 13). All of these officers were working in Plaintiff's cell house when the assault occurred. *Id.* Plaintiff was attacked "in plain sight" of the officers and the attack lasted for several minutes. *Id.* None of the officers intervened to stop the attack. (Doc. 2, p. 14).

### Claims

The Severance Order designated the following claims for this action:

**Count 12 -** Eighth Amendment claim against Defendant Smith for failing to take steps to protect Plaintiff from a known risk of harm posed by Inmate Burton, who assaulted Plaintiff on December 12, 2017;

---

² Although she does not explain what she means by this assertion, Plaintiff alleges that she began hormone therapy on April 3, 2018. (Doc. 2, p. 37).

**Count 13 -** Eighth Amendment claim against John Doe 1, John Doe 2, and John Doe 3 for failing to intervene and protect Plaintiff from the attack by Inmate Burton on December 12, 2017.

**Discussion**

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, not every harm caused by another inmate triggers constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer*, 511 U.S. at 834. Rather, in order for a plaintiff to succeed on a failure to protect claim, she must show that she is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.*; *Pinkston*, 440 F.3d at 889.

A plaintiff must also prove that prison officials were aware of a specific, impending, and substantial threat to her safety; often by showing that she complained to them about a *specific* threat. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). In other words, a defendant had to know that there was a substantial risk that those who attacked the plaintiff would do so, and yet failed to take any action. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). Conduct that amounts to negligence or inadvertence is not enough to state a claim. *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

Here, Plaintiff alleges she told Smith that Burton was harassing her, that he had attempted to grab her in the shower, and that tension was escalating between the two of them. Plaintiff also alleges that although Smith was a "mandated reporter," she took no action in the face of Plaintiff's complaints. On these facts, Plaintiff has stated a plausible deliberate indifference claim as to Smith, and **Count 12** will survive threshold review.

4

With respect to John Does # 1-3, Plaintiff sufficiently alleges that the fight exposed her to a serious risk of harm – the first step of a deliberate indifference analysis. Although correctional officers are not required to place themselves in harm's way when attempting to break up a fight between inmates, *Guzman v. Sheahan*, 495 F.3d 852, 858 (7th Cir. 2007), Plaintiff sufficiently alleges that their response was inadequate. Therefore, Plaintiff will be permitted to proceed against these defendants.

## **Motion for Recruitment of Counsel**

Plaintiff has also filed a motion for recruitment of counsel. (Doc. 4). A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915 (e)(1). There is no constitutional or statutory right to counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Recruitment of counsel lies within the sound discretion of the court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to recruit counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it?" *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on her own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

Plaintiff affirmatively states that she has written to "several" attorneys, but has not received a response. The Court will accept this representation, although best practice is to

include the names and address of the attorneys the inmate has tried to contact. Nevertheless, the Court finds that Plaintiff is competent to represent herself at this time. Plaintiff has alleged that she has some college education. Moreover, her pleadings have been clear and easy to understand. One of Plaintiff's stated reasons for requesting an attorney is that she believes that she requires a medical expert on her gender dysphoria disorder, but that issue is tangential to the issues presented by this straightforward failure-to-protect case. The Court finds that Spoden is competent to represent herself at this time, although she may renew her request as the case progresses. The motion is **DENIED**. (Doc. 4).

## Disposition

**IT IS HEREBY ORDERED** that **COUNTS 12** and **13** survive threshold review. Plaintiff's Motion for Recruitment of Counsel is **DENIED**. (Doc. 4).

The Clerk of Court shall prepare for Defendant Smith: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service

addresses for these individuals

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Daly for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to United States Magistrate Judge Daly for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that her application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that she is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate her whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 28, 2018**

                                                      **s/ STACI M. YANDLE**
                                                      **STACI M. YANDLE**
                                                      **United States District Judge**